**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| WILLIAM BALLARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SATSUMA PHARMACEUTICALS, INC., JOHN KOLLINS, HEATH LUKATCH, MICHAEL RIEBE, ELISABETH SANDOVAL, RAJEEV SHAH, KEN TAKANASHI, THOMAS B. KING, THOMAS M. SOLOWAY, and MUTYA HARSCH,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff William Ballard ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Plaintiff against Satsuma Pharmaceuticals, Inc. ("Satsuma" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Shin Nippon Biomedical Laboratories, Ltd. ("Parent").[1]

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction." Parent owns approximately 8.6% of the Company's outstanding stock.

2. On April 16, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Parent and Parent's wholly owned subsidiary SNBL23 Merger Sub, Inc. ("Purchaser"). The Merger Agreement provides that Satsuma stockholders will have the right to receive $0.91 in cash and one contingent value right ("CVR") which represents the contractual right to receive contingent payments of up to $5.77 per share in cash based on the proceeds Parent may receive in connection with the Company's STS101 program, per share of Satsuma common stock, other than shares owned by Purchaser or Parent, via a tender offer (the "Tender Offer").[2]

3. The Company's corporate directors subsequently authorized the May 5, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the

---

[2] Purchaser commenced the Tender Offer on May 5, 2023.

[3] The Tender Offer is currently scheduled to expire at 12:00 A.M. (Eastern time) at the end of June 5, 2023.

material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.  Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.  Plaintiff is, and has been at all times relevant hereto, the owner of Satsuma common stock.

10.  Defendant Satsuma is a Delaware corporation with its principal executive offices located at 400 Oyster Point Boulevard, Suite 221, South San Francisco, California 94080. Satsuma's shares trade on the Nasdaq Global Market under the ticker symbol "STSA." Satsuma is a development-stage biopharmaceutical company developing a novel therapeutic product for the acute treatment of migraine. The Company's product candidate, STS101, is a drug-device combination of a proprietary dry-powder formulation of dihydroergotamine

mesylate ("DHE"), which is designed to be quickly and easily self-administered with a proprietary pre-filled, single-use, nasal delivery device. In January 2023, the Company completed its STS101 clinical development program in which a total of more than 1,600 subjects treated more than 10,000 migraine attacks with STS101. The STS101 clinical development program included multiple Phase 1 clinical trials, two Phase 3 placebo-controlled efficacy trials (the EMERGE and SUMMIT trials) and a long-term, open-label safety trial (the ASCEND trial). In March 2023, Satsuma filed a New Drug Application for STS101 with the U.S. Food and Drug Administration, which, if accepted for review, the Company anticipates will be approved in January 2024.

11. Defendant John Kollins ("Kollins") is and has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto. Defendant Kollins and Parent co-founded the Company in June 2016, as a subsidiary of Parent.

12. Defendant Heath Lukatch is and has been a director of the Company at all times relevant hereto.

13. Defendant Michael Riebe is and has been a director of the Company at all times relevant hereto.

14. Defendant Elisabeth Sandoval is and has been a director of the Company at all times relevant hereto.

15. Defendant Rajeev Shah ("Shah") is and has been a director of the Company at all times relevant hereto. Defendant Shah is a member of the portfolio management team at RA Capital Healthcare Fund, L.P., which owns approximately 17.8% of the Company's common stock and has agreed to tender its shares in the Tender Offer.

16.     Defendant Ken Takanashi ("Takanashi") is and has been a director of the Company at all times relevant hereto.  Defendant Takanashi is a director, Executive Vice President, and Chief Operating Officer of Parent.

17.     Defendant Thomas B. King is and has been a director of the Company at all times relevant hereto.

18.     Defendant Thomas M. Soloway is and has been a director of the Company at all times relevant hereto.

19.     Defendant Mutya Harsch is and has been a director of the Company at all times relevant hereto.

20.     Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21.     On April 16, 2023, the Company announced in relevant part:

South San Francisco, CA, April 16, 2023 – Satsuma Pharmaceuticals, Inc. ("Satsuma") (Nasdaq: STSA) today announced that it has entered into a definitive agreement to be acquired by Shin Nippon Biomedical Laboratories, Ltd. (TSE: 2395, "SNBL") for $0.91 in cash per share at the closing of the transaction plus one non-tradeable contingent value right ("CVR") of up to $5.77 per share. The CVR is payable pursuant to the future sale, license, or any other monetization events related to STS101 (dihydroergotamine (DHE) nasal powder), a novel investigational therapeutic product candidate for the acute treatment of migraine, (subject to certain terms and conditions, as set forth in more detail below).  Satsuma submitted a New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") in March 2023 for STS101, which incorporates nasal powder formulation and delivery device technologies developed by SNBL and exclusively licensed by Satsuma.

"We are very pleased to announce that SNBL will be involved in the launch of this novel intranasal drug, which was developed based on SNBL's novel intranasal drug delivery platform technology, pending potential FDA approval,"

commented Dr. Ryoichi Nagata, Chairman and President of SNBL. "We believe that STS101 will contribute to improving the quality of life of patients suffering from migraine. Consistent with SNBL's corporate mission 'to support drug discovery and the advancement of medical technology to relieve human suffering,' we look forward to STS101 potentially becoming a treatment option for people with migraine as soon as possible."

"After carefully and comprehensively considering strategic options for Satsuma and STS101, the Satsuma Board of Directors believes that the acquisition of Satsuma by SNBL is the best strategic alternative for Satsuma and that this transaction will maximize value for our stockholders," stated John Kollins, President and Chief Executive Officer of Satsuma. "We are pleased that SNBL shares our vision that STS101 has the potential to become an important and widely-prescribed acute treatment for migraine that can address the significant unmet needs of many people with migraine."

**Transaction Details**

Under the terms of the definitive agreement, which has been approved by the boards of directors of both SNBL and Satsuma, SNBL will commence a tender offer for all outstanding shares of common stock of Satsuma for a price of $0.91 per share in cash plus one non-tradeable CVR worth up to $5.77 per share in cash (the "Tender Offer"). CVR holders will be entitled to receive payments related to proceeds received by SNBL in a future transaction involving STS101, including a potential sale, license, or other grant of rights ("Monetization Event"). The CVR is based on cumulative proceeds received by SNBL from the Monetization Event after making certain deductions.

The Satsuma Board of Directors recommends that Satsuma stockholders tender their shares in the Tender Offer. Promptly upon successful completion of the Tender Offer, the acquisition subsidiary will be merged into Satsuma, and any remaining shares of common stock of Satsuma that were not tendered in the Tender Offer will be canceled and converted into the right to receive the same consideration payable in the Tender Offer.

**Closing Conditions**

Consummation of the transaction is subject to customary closing conditions, including the tender of a majority of Satsuma's outstanding shares of common stock. The Tender Offer period is expected to commence in the next few weeks and to expire 20 business days after its commencement, unless otherwise extended. If the Tender Offer conditions are not satisfied, SNBL may be required to extend the Tender Offer under certain circumstances.

**Advisors**

Lazard acted as lead financial advisor and Houlihan Lokey also acted as financial advisor to Satsuma. Latham & Watkins LLP is acting as Satsuma's legal advisor.

Wilson Sonsini Goodrich & Rosati is acting as legal advisor to SNBL.

### The Materially Incomplete and Misleading Solicitation Statement

22. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on February 2, 2023. The Solicitation Statement, which recommends that Satsuma stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial projections and the financial analyses relied upon by the Board; (c) potential conflicts of interest faced by the Company's financial advisors, Houlihan Lokey Capital Inc. ("Houlihan Lokey") and Lazard Frères & Co., LLC ("Lazard"); and (c) the background of the Proposed Transaction

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Projections and the Financial Analyses Relied upon by the Board*

23. The Solicitation Statement fails to disclose material information concerning the Company's financial projections, including the net cash projections representatives of the Company and Parent discussed between March 18, 2023, and March 22, 2023, and between April 10, 2023, and April 12, 2023.[4]

24. The Solicitation Statement also fails to disclose material information concerning the financial analyses relied upon by the Board, including a summary of Houlihan Lokey's *Selected Wall Street Analyst Recommendations & Observations*.

---

[4] *See* Solicitation Statement at 23, 25.

7

25. The Solicitation Statement further fails to disclose a summary of any financial analyses prepared by Lazard and reviewed by the Board during the sale process.

*Material Misrepresentations and/or Omissions Concerning Houlihan Lokey's and Lazard's Potential Conflicts of Interest*

26. The Solicitation Statement fails to disclose material information concerning the potential conflicts of interest faced by the Company's financial advisors, including whether Houlihan Lokey and/or Lazard have provided any services to the Company, Parent, or any of their affiliates in the prior two years and, if so, the details of the services provided and any compensation received in connection with such services.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

27. The Solicitation Statement fails to disclose material information concerning the background of the Proposed Transaction, including whether any of the nondisclosure agreements the Company executed with parties following the readout of the Company's topline results from the EMERGE trial and between January and October 2022 (*see id.* at 16) contain a "don't-ask, don't-waive" standstill provision that is presently precluding any of these parties from submitting a topping bid for the Company.

28. Additionally, the Solicitation Statement fails to disclose whether the Board considered forming a special committee to evaluate the Proposed Transaction in light of Parent and defendant Kollins having co-founded the Company as a subsidiary of Parent in June 2016, Parent's current 8% ownership of the Company's common stock, and defendants Kollins' and Takanashi's relationships with Parent, as well as the Board's basis for not forming a special committee.

29. The Solicitation Statement further fails to disclose the Board's basis for not requiring approval of the Proposed Transaction to be conditioned on a majority of the Company's stockholders not affiliated with Parent or defendants Kollins and Takanashi, to tender their shares in favor of the Proposed Transaction.

30. The omission of the above-referenced information renders statements in the "Background of the Offer," "Opinion of Houlihan Lokey Capital Inc.," and "Item 5. Persons/Assets Retained, Employed, Compensated or Used" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Satsuma will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

31. Plaintiff repeats all previous allegations as if set forth in full.

32. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Satsuma stockholders to tender their shares in the Tender Offer.

33. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

34. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in

accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

35. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

36. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

37. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

38. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

39. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Satsuma, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no

adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

40. Plaintiff repeats all previous allegations as if set forth in full.

41. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

42. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Satsuma stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the Company's financial forecasts, the Financial Advisors' financial analyses, and Raymond James and Company insiders' potential conflicts of interest.

43. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

44. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

45. Plaintiff repeats all previous allegations as if set forth in full.

46. The Individual Defendants acted as controlling persons of Satsuma within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Satsuma, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue

contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

49. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Satsuma stockholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in Satsuma with them from proceeding with, consummating, or closing the Proposed

Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

   B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: May 18, 2023         **LONG LAW, LLC**

                By: */s/ Brian D. Long*
                   Brian D. Long (#4347)
                   3828 Kennett Pike, Suite 208
                   Wilmington, DE 19807
                   Telephone: (302) 729-9100
                   Email: BDLong@LongLawDE.com

                   *Attorneys for Plaintiff*